JS 44 (Rev. 04/21) FLSD Revised 12/02/2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
VICTOR ANGULO

## DEFENDANTS
AZTEX WORLDWIDE AIRLINES, INC., and ]

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Sanchez Law Group-Gabriel M. Sanchez 7245 S.W. 87th Ave Suit

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ■ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
■ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ■ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Acts | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

■ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐YES ☐NO   b) Related Cases ☐YES ■NO
JUDGE:                                                                DOCKET NUMBER:

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Damages pursuant to the Convention for the Unification of Certain Rules for International Carriage by air, done at Mo
LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 200,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ■ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE                    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY : RECEIPT #          AMOUNT          IFP          JUDGE          MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF SOUTH FLORIDA

VICTOR ANGULO,
an individual,

    Plaintiff,

v.

CASE NO.: _____

AZTEC WORLDWIDE
AIRLINES, INC., a corporation, and
BARRY GAUCH, an individual.

    Defendants.
_____/

## COMPLAINT

Plaintiff, VICTOR ANGULO, by and through his undersigned attorney, hereby sues Defendants, AZTEC WORLDWIDE AIRLINES, INC. ("Aztec Airways") and BARRY GAUCH, and alleges as follows:

### THE PARTIES

1. Plaintiff, VICTOR ANGULO, is over the age of 18, is a resident of Miami-Dade County, Florida and is otherwise sui juris.

2. Defendant, AZTEC AIRWAYS, is a Foreign Profit Corporation, incorporated under the laws of the State of Delaware, with its principal place of business in Florida, that is authorized to do business in the State of Florida and conducting business in Broward County, Florida.

3. Defendant, BARRY GAUCH, is over the age of 18, is a resident of Broward County, Florida and is otherwise sui juris.

## JURISDICTION AND VENUE

4. This is an action for damages pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal, May 28, 1999, ICAO Doc. No. 9740 (effective Nov. 4, 2003) (hereinafter, the "Montreal Convention"), a multilateral treaty that applies to all international carriage of persons by aircraft for reward.

5. Jurisdiction and venue are proper in this Court.

6. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. This Court has personal jurisdiction over Defendant, AZTEC AIRWAYS, pursuant to sections 48.193(1)(a)(1) and 48.193(1)(a)(2), Florida Statutes, because AZTEC AIRWAYS: (1) operated, conducted, engaged in, or carried on a business or business venture in Florida or had an office or agency in Florida, and (2) committed a tortious act within Florida.

8. This Court also has personal jurisdiction over Defendant, AZTEC AIRWAYS, pursuant to section 48.193(2), Florida Statutes, because AZTEC AIRWAYS engaged in substantial and not isolated activity within Florida.

9. This Court has personal jurisdiction over Defendant, BARRY GAUCH, pursuant to section 48.193(1)(a)(2), Florida Statutes, because BARRY GAUCH committed a tortious act within Florida.

10. Venue is proper in this Court because all acts or omissions took place within this district.

11. Further, jurisdiction and venue are proper in this Court pursuant to the Montreal Convention Article 33 because the place of departure and destination are both within this district.

## GENERAL ALLEGATIONS

12. AZTEC AIRWAYS is an airline that operates out of the Fort Lauderdale Executive Airport, located at 500 S.W. 34th Street, Fort Lauderdale, Florida.

13. At all times material, Defendant, BARRY GAUCH, was an employee and pilot for AZTEC AIRWAYS.

14. On or around July 20, 2023, Plaintiff, VICTOR ANGULO, purchased a ticket from AZTEC AIRWAYS with round-trip service from Fort Lauderdale, Florida to South Bimini, Bahamas. A copy of the flight itinerary is attached as Exhibit "A".

15. On August 13, 2023, upon arrival at the Fort Lauderdale Executive Airport, Defendant, BARRY GAUCH, an employee and pilot of AZTEC AIRWAYS acting within the course and scope of his employment, ordered the Plaintiff to open the aircraft's aft exit door.

16. As Plaintiff was attempting to do so, the aircraft door abruptly and without warning came crashing down causing bodily injuries to Plaintiff's hand.

## COUNT I – CLAIM FOR RELIEF UNDER THE MONTREAL CONVENTION AGAINST DEFENDANT AZTEC AIRWAYS

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. The subject flight constitutes an "international carriage" of persons performed by aircraft for reward, as the place of departure and the place of destination were located within the territory of a single State Party (the United States) with an agreed stopping place within the territory of another State (the Bahamas). As a result, and pursuant to Article 1, the Montreal Convention applies to this action.

19. Pursuant to Article 17 of the Montreal Convention, AZTEC AIRWAYS is liable for the bodily injuries Plaintiff sustained because the injury took place on board the aircraft.

20. In this regard, the subject incident constitutes an "accident" within the meaning of the Montreal Convention.

21. As a direct and proximate result of the subject "accident," Plaintiff suffered personal injures.

22. Under Article 21 of the Montreal Convention, AZTEC AIRWAYS is strictly liable for all damages associated with Plaintiff's bodily injuries because Plaintiff's damages were caused by the negligence or other wrongful acts of AZTEC AIRWAYS, its servants or agents.

23. AZTEC AIRWAYS owed a duty to Plaintiff to, among other things:

   a. Conduct air carriage operations in a reasonably safe manner;

   b. Properly train and supervise its flight crew in the operation of flight equipment and aircraft so as to prevent injury to passengers;

   c. Properly maintain, repair, and test its flight equipment and aircraft so as to prevent injury to passengers;

   d. Employ competent flight crew to conduct the flight operations; and/or

   e. Maintain and/or implement adequate safety policies, safety measures, and safety procedures necessary to protect passengers from foreseeable dangers posed by faulty aircraft, equipment, or instructions.

24. AZTEC AIRWAYS breached each and every one of the aforementioned duties by:

   a. Failing to conduct air carriage operations in a reasonably safe manner;

  b. Failing to properly train and supervise its flight crew in the operation of flight equipment and aircraft so as to prevent injury to passengers;

  c. Failing to properly maintain, repair, and test its flight equipment and aircraft so as to prevent injury to passengers;

  d. Failing to hire competent flight crew to perform the flight operations; and/or

  e. Failing to maintain and/or implement adequate safety policies, safety measures, and safety procedures necessary to protect passengers from the foreseeable danger posed by faulty aircraft, equipment, or instructions.

25. Plaintiff's bodily injuries and damages were not the result of any third parties' act or omission and were solely due to AZTEC AIRWAYS' negligence.

26. AZTEC AIRWAYS' breach of the duty of care it owed to Plaintiff proximately caused Plaintiff's bodily injuries and damages, which are either permanent or continuing in nature and which Plaintiff will continue suffer the losses and impairment in the future.

27. AZTEC AIRWAYS is therefore liable to Plaintiff for all compensatory damages including, but not limited to, bodily injury, pain and suffering, disability, disfigurement and scarring, loss of the capacity for the enjoyment of life, expenses for medical, surgical and hospital care and treatment, loss of earning capacity, rehabilitation and therapy expenses, and mental distress.

WHEREFORE, Plaintiff, VICTOR ANGULO, demands judgement against Defendant, AZTEC AIRWAYS, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and all other relief this Honorable Court deems just and proper.

## COUNT II – NEGLIGENCE AGAINST BARRY GAUCH

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

29. At all times material hereto, Defendant, BARRY GAUCH, owed a duty to Plaintiff to, among other things:

   a. Operate the subject aircraft in a reasonably safe manner;

   b. Properly maintain, repair, and test its flight equipment and aircraft so as to prevent injury to passengers;

   c. Maintain and/or implement adequate safety policies, safety measures, and safety procedures necessary to protect passengers from foreseeable dangers posed by faulty aircraft, equipment, or instructions;

   d. Warn passengers of dangerous conditions of which it was aware, or in the exercise of reasonable case, should have been aware; and/or

   e. Comply with AZTEC AIRWAYS' policies, procedures, and aviation safety laws regarding passenger safety.

30. BARRY GAUCH breached each and every one of the aforementioned duties by:

   a. Failing to conduct air carriage operations in a reasonably safe manner;

   b. Failing to properly maintain, repair, and test its flight equipment and aircraft so as to prevent injury to passengers;

   c. Failing to maintain and/or implement adequate safety policies, safety measures, and safety procedures necessary to protect passengers from the foreseeable danger posed by faulty aircraft, equipment, or instructions;

    d. Failing to warn of dangerous conditions of which he was aware, or in the exercise of reasonable care, should have been aware; and/or

    e. Failing to comply with AZTEC AIRWAYS' policies, procedures, and aviation safety laws regarding passenger safety.

31. BARRY GAUCH's breach of the duty of care it owed to Plaintiff proximately caused his bodily injuries and damages, which are either permanent or continuing in nature and which Plaintiff will continue to suffer the losses and impairment in the future.

32. BARRY GAUCH is therefore liable to Plaintiff for all compensatory damages including, but not limited to, those related to bodily injury, pain and suffering, disability, disfigurement and scarring, loss of the capacity for the enjoyment of life, expenses for medical, surgical and hospital care and treatment, loss of earning capacity, rehabilitation and therapy expenses, and mental distress.

WHEREFORE, Plaintiff, VICTOR ANGULO, demands judgement against Defendant, BARRY GAUCH, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and all other relief this Honorable Court deems just and proper.

**CERTIFICATE OF SERVICE ON NEXT PAGE**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the United States District Court Southern District of Florida PACER E-filing system on this 20th day of September, 2024.

**THE SANCHEZ LAW GROUP**
Attorney for Plaintiff
Office in the Park
7245 SW 87th Avenue, Suite 400
Miami, Florida 33173
Tel: (305)595-4661 / Fax: (305)595-7669
Emails:  Gabriel@thesanchezlawgroup.com
            Daniela@thesanchezlawgroup.com
            Assistant@thesanchezlawgroup.com

BY: s/ Gabriel M. Sanchez
       GABRIEL M. SANCHEZ
       FBN: 369810

Please email reservations@aztecairways.com (mailto:reservations@aztecairways.com) or contact Aztec Airways reservations at 954-601-3742 with any questions.

# AZTEC AIRWAYS

## Aztec Airways

(http://)

| | |
|---|---|
| **Confirmation Itinerary** | |
| Agent | Tyrena Brennen |
| **Confirmation Numbers** | |
| AD0402 | (VICTOR ANGULO)   Adult |
| AD0403 | (EVELYN CARACAS)   Adult |
| Date Issued | 7/13/2023 5:45:42 PM |
| **Base Fare** | |
| VICTOR ANGULO: | $369.07 |
| Discounts : | **-$30.00** |
| EVELYN CARACAS: | $369.07 |
| Discounts : | **-$30.00** |
| **Taxes** | |
| Transportation Tax USA: | $42.20 |
| Passenger Service Charge USA: | $5.00 |
| Passenger levy BH: | $2.00 |
| Immigration User Fee USA: | $14.00 |
| Security Fee Bahamas: | $18.00 |
| Passenger Civil Aviation Security Service Fee USA: | $11.20 |
| APHIS User Fee - Passengers USA: | $7.66 |
| Customs User Fee USA: | $13.04 |
| Passenger Departure Tax Bahamas: | $58.00 |
| Transportation Tax USA: | $42.20 |
| Bahamas VAT: | $1.80 |
| Passenger levy BH: | $2.00 |
| **Other Charges** | |
| CC Processing Fee: | $9.41 |
| CC Processing Fee: | $3.88 |
| Refund: | -$58.00 |
| CC Processing Fee: | $9.41 |
| **Total Charges** | $702.84 |
| **Remaining Balance** | $0.00 |

**Passengers**

| First Name | Last Name |
|---|---|
| VICTOR | ANGULO |
| EVELYN | CARACAS |

**Itinerary**

| Flight | Date | From | To | Depart | Arrive |
|---|---|---|---|---|---|
| 621 | Aug 10, 2023 | Ft. Lauderdale Executive (FXE) | South Bimini (BIM) | 01:30 PM | 02:15 PM |
| 622 | Aug 13, 2023 | South Bimini (BIM) | Ft. Lauderdale Executive (FXE) | 02:30 PM | 03:00 PM |

**Contact Info**